UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:19-CV-00123-DLB-EBA

MARY ANN MCGOWEN,                                                                                    PLAINTIFF,

V.                                **REPORT AND RECOMMENDATION**

ROBERT L. KENDRICK, *et al.*,                                                                    DEFENDANTS.

*** *** *** ***

## I.

On December 16, 2017, Mary Ann McGowan, a West Virginia resident, was driving her car on U.S. Route 52 in Coal Grove, Ohio, when she was involved in an automobile accident with a vehicle owned by Cheryl Wentz, an Ohio resident, and driven by Robert Kendrick, a Kentucky resident. She brought this suit in Kentucky against Kendrick to recover damages for injuries sustained in the accident, and she asserts a claim against her own insurer, State Farm Mutual Automobile Insurance Company, for underinsured motorists benefits. [R. 114-2 at pg. 1]. Wentz's insurance carrier, American Family Insurance Company ("American Family") denied coverage for the Plaintiff's claims, stating that "[o]ur investigation has found that the driver of our insured vehicle [Kendrick] is insured with Kentucky Farm Bureau, therefore, we do not have liability coverage for this loss and will not be making any payments under this policy." [*Id.* at pg. 1]. American Family relies on an exclusion which altered the definition of an "insured person" in its policy issued to Wentz from "any person using your insured car" to "any person using your insured car *who is not insured for vehicle liability coverage by any other insurance policy, a self-insurance program, or liability bond while using such a car*." [R. 115 at pg. 3] (emphasis in original).

American Family contends that because Kendrick, while driving Wentz' vehicle, maintained his own policy of insurance through Farm Bureau, he was not an "insured person" under the terms of American Family's policy issued to Wentz. State Farm seeks a ruling from the Court contending that the enforceability of American Family's exclusion turns on whether the law of Ohio or Kentucky applies in this action. [*Id.* at pg. 2]. Thus, State Farm asserts, a ruling on which state's law shall apply is necessary before the matter can proceed. [*Id.*].

## II.

It is well-established that when a federal court sits in diversity, such as is the case here, the court must apply the substantive law of the state in which it sits. *Mill's Pride v. Cont'l Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938)). "This rule extends to the forum state's law regarding choice of laws." *Mill's Pride*, 300 F.3d at 704 (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941)). Thus, Kentucky's choice-of-law rules shall control this Court's analysis.

As a preliminary matter, the Court need only engage in a choice of law analysis when a conflict occurs between two states' laws. *Asher v. Unarco Material Handling, Inc.*, 737 F. Supp. 2d 662, 667-68 (E.D. Ky. 2010); *Conrad v. Transit Auth. of N. Ky.*, No. 19-23-DLB-CJS, 2019 U.S. Dist. LEXIS 215087, at *22 (E.D. Ky. Dec. 13, 2019) ("The first step in determining which law applies to a matter before the Court is determining if there is an actual conflict between the laws of the two states that could apply to the case at bar."). "If such a conflict exists, the Court in a diversity action utilizes the choice-of-law rules of the forum state." *Conrad*, 2019 U.S. Dist. LEXIS 215087, at *22.

State Farm asserts there are several conflicting areas of state law which require this Court to conduct a choice of law analysis. First, State Farm highlights conflicts between Ohio and

Kentucky statutes. O.R.C. § 3937.18 requires that underinsured motorists [UIM] coverage in Ohio "shall not be excess coverage to other applicable liability coverages" and that UIM coverage "shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." O.R.C. § 3937.18(A). By comparison, Kentucky does not require UIM benefits to be reduced by the amount of coverage available under other liability policies. K.R.S. § 304.39-320(5) ("Nothing in this section, including any payment or credit under this subsection, reduces or affects the total amount of underinsured motorist coverage available to the injured party."). Second, State Farm contends that, if Ohio law applies, this Court must consider an important Ohio Supreme Court opinion, *Robinson v. Bates*. 857 N.E.2d 1195 (2006), which allows defendants to "argue that the reasonable value of the medical services received by the plaintiff is the amount that was actually paid on the plaintiff's behalf," recognizing a possible reduction from the amount actually billed. [R. 115 at pg. 7] (citing *Robinson*, 857 N.E.2d at 1197). By contrast, "Kentucky law does not permit defendants to make such arguments." [*Id.* at pg. 8]. Considering the arguments offered by State Farm, the Court finds that there is ample conflict among Kentucky and Ohio law to justify engaging in a choice of law analysis using Kentucky law.[1]

### III.

As Kentucky is the forum state for this action, Kentucky's choice-of-law rules shall apply. *See Klaxon Co.*, 313 U.S. at 496. While Kentucky choice-of-law rules strongly favor the application of its own laws, Kentucky courts generally apply § 188 of the Restatement (Second) of Conflict of Laws (1971) to resolve choice of law issues that arise in contract disputes. *Grange Prop. & Cas. Co. v. Tenn. Farmers Mut. Ins. Co.*, 445 S.W.3d 51, 54 (Ky. Ct. App. 2014). The

---

[1] American Family, the only party that filed a Response to State Farm's motion, impliedly concurs that there is a conflict between Ohio and Kentucky law at least as it pertains to its "limited role" and involvement in this lawsuit. [R. 117 at pg. 2]. Moreover, American Family agrees with State Farm that Ohio law should apply.

Kentucky Supreme Court adopted the approach found in § 188(1), which instructs courts to consider which state has the most significant relationship to the transaction and the parties. *Lewis v. Am. Family Ins. Grp.*, 555 S.W.2d 579, 582 (Ky. 1977); *Travelers Prop. Cas. Co. of Am. v. Begley Co.*, No. 5:13-cv-199-JMH, 2014 U.S. Dist. LEXIS 132168, at *9 (E.D. Ky. Sep. 18, 2014). Moreover, the Kentucky Supreme Court concluded that "[j]ustice, fairness and the best practical result may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 574 (6th Cir. 2019) (quoting *Breeding v. Mass. Indem. & Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982)).

"With respect to casualty insurance contracts in particular, a key factor is the expectation of the parties concerning the principal location of the insured risk." *State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick*, 413 S.W.3d 875, 879 (Ky. 2013). The *Lewis* court concluded, for instance, that Indiana law should apply instead of Kentucky law when an insurance contract was (1) entered into in Indiana (2) between Indiana parties, and (3) concerned vehicles which were licensed and garaged in Indiana. *Lewis*, 555 S.W.2d at 5825. Similarly, in *Hodgkiss-Warrick*, the Kentucky Supreme Court applied Pennsylvania law when a "Pennsylvania resident, entered into an auto insurance contract in Pennsylvania that makes specific reference to Pennsylvania law and that covers, primarily, the vehicle she registered, garaged, and used exclusively in Pennsylvania." *Hodgkiss-Warrick*, 413 S.W.3d at 879. There, the court also held that, "absent some compelling reason not to apply our general choice-of-law rule," such as the existence of an issue of significant Kentucky public policy, the court would apply Pennsylvania law. *Id.* (collecting cases).

Here, the December 16, 2017 collision occurred in Ohio, and the American Family insurance policy was contracted in Ohio between American Family and Cheryl Wentz, an Ohio

resident. Kentucky's only connections to this case are that (1) Defendant Kendrick is a Kentucky resident and (2) Kendrick's insurance policy is through Kentucky Farm Bureau, a Kentucky company. By all accounts, Ohio has "the most significant relationship" with the American Family contract at issue. Moreover, none of the parties have provided any compelling reasons for applying Kentucky law to the construction, interpretation, and enforcement of the American Family insurance policy. Thus, the Court finds that Kentucky's choice-of-law rules mandate applying Ohio.

**IV.**

For the reasons stated herein, IT IS RECOMMENDED that State Farm's Motion for a Ruling on Choice of Law [R. 114] is GRANTED and that, consistent with Kentucky's choice-of-law rules and jurisprudence, Ohio law shall apply to this Court's construction, interpretation, and enforcement of the Defendant American Family's insurance policy.

Signed January 19, 2023.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge