UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 19-123-DLB-EBA

MARY ANN MCGOWEN                          PLAINTIFF

v.            **MEMORANDUM OPINION AND ORDER**

ROBERT L. KENDRICK,
AMERICAN FAMILY INSURANCE COMPANY and
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY      DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Defendant American Family Insurance Company's Motion for Summary Judgment (Doc. # 119). Defendant State Farm Mutual Automobile Insurance Company filed a response to the motion (Doc. # 123) and American Family Insurance Company filed a reply (Doc. # 127). For the reasons set forth herein, the Court finds that American Family Insurance Company is entitled to judgment as a matter of law.

         I.         **FACTUAL AND PROCEDURAL BACKGROUND**

On December 16, 2017, Mary Ann McGowan, a West Virginia resident, was driving her car on U.S. Route 52 in Coal Grove, Ohio, when she was involved in an automobile accident with a vehicle owned by Cheryl Wentz, an Ohio resident, and driven by Robert Kendrick, a Kentucky resident.

Following the accident, McGowan sought insurance proceeds from Wentz' insurer American Family Insurance Company ("American Family"). American Family denied her request, finding, based upon its policy language, that did not provide coverage to Kendrick

1

as an insured or to McGowan, as an underinsured beneficiary. (Doc. # 114-2). Specifically, it stated, "[o]ur investigation has found that the driver of our insured vehicle [Kendrick] is insured with Kentucky Farm Bureau, therefore, we do not have liability coverage for this loss and will not be making any payments under this policy." *Id.* In denying McGowan's claim, American Family relied upon an exclusion in the subject policy which altered the definition of an "insured person" from "any person using your insured car" to "any person using your insured car who is not insured for vehicle liability coverage by any other insurance policy, a self-insurance program, or liability bond while using such a car." (Certified Copy of Policy Number 1778-1830-03-90-FPPA-OH, Doc. # 119-1).

This litigation followed. McGowan initially filed this lawsuit against Kendrick, alleging negligence. (Doc. # 1). She then filed an Amended Complaint, asserting claims against, American Family, as well as her own insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. # 16). McGowan then filed an additional Amended Complaint (Doc. # 20) as well as a "Corrected Amended Complaint" (Doc. # 21). Thereafter, State Farm filed Crossclaim against American Family, seeking a declaratory judgment against American Family to determine American Family's rights and obligations under its policy issued to Wentz.

Subsequently, State Farm filed a motion seeking a ruling upon whether Ohio or Kentucky law would be applied in this case as it pertains to the interpretation of American Family's policy language (Doc. # 114). State Farm contended that the enforceability of American Family's exclusion turns on whether the law of Ohio or Kentucky applies in this action.

2

The motion was referred to Magistrate Atkins for a Report and Recommendation. Magistrate Judge Atkins found that "consistent with Kentucky's choice-of-law rules and jurisprudence, Ohio law shall apply to this Court's construction, interpretation, and enforcement of the Defendant American Family's insurance policy." (Doc. # 135). McGowan and State Farm then filed motions seeking clarification of Magistrate Judge Atkins' finding. (Doc. # 138 and 139). Magistrate Judge Atkins granted the motions and supplemented his Report and Recommendation. Specifically, Magistrate Judge Atkins stated that "Ohio law applies specifically to the American Family Insurance policy and in no way affects the Plaintiff's contractual policy for underinsured coverage with State Farm, or any other procedural matter that may come before the Court." (Doc. # 148).

American Family seeks summary judgment, arguing that based on the clear, unambiguous language of its policy, neither Kendrick nor McGowen are "insureds" or an "insured person" and neither are entitled to coverage.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Plant v. Morton Int'l Inc.*, 212 F.3d 929, 934 (6th Cir. 2000)). In deciding a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party. *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Following the Court's review of the record, if a "rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

### III.   ANALYSIS

The insurance policy at issue contains extensive definitions and exclusions regarding the applicability of coverage and to whom coverage applies.  The exclusion upon which American Family relied upon on denying coverage is known as an "escape clause."  The very same language in American Family's policy has been deemed to be enforceable under Ohio law. *Geico Indemnity Company v. Crawford*, 2014 WL 546760 (E.D.K.Y. February 10, 2014).  *Crawford* is directly on point with this case.  In *Crawford*, Defendant Zachary Crawford was involved in an accident while driving a vehicle owned by Defendant Linda Bellaw. *Id.* at *1.  At the time of the accident, Crawford had his own insurance through Hamilton Mutual Insurance Company, which provided liability coverage. *Id.* at *1.  Bellaw, the owner of the vehicle and an Ohio resident, was the named insured on a policy issued by GEICO. *Id.* at *1. That GEICO policy, included the following escape clause: "[A]ny other person who is using the auto with your permission [will be covered] **but only if such a person is not insured by any other vehicle liability insurance policy**, a self-insurance liability program, or a liability bond while using the auto." *Id.* at 2 (emphasis added).  Based upon this exclusion, GEICO denied coverage to Crawford. *Id.* at *1.  Litigation followed. Ultimately, GEICO filed a declaratory judgment action and moved for summary judgment.  Judge Reeves granted summary judgment in favor of GEICO, finding that the clear language of the contract of insurance, GEICO did

4

not have a duty to defend, indemnify, or cover Crawford for claims of bodily injury or property damage arising from the motor vehicle accident. *Id.* at *4.

As was the case in *Crawford*, American Family has a valid and enforceable escape clause when other insurance is available. The language is unambiguous. As such, "where the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written." *Geico Indemnity Company v. Crawford*, 36 F.Supp. 3d 735, 740 (E.D. Ky. 2014). Robert Kendrick, the driver of the Wentz vehicle, had valid bodily injury liability insurance with Kentucky Farm Bureau Mutual Insurance Company on the date of loss, as disclosed in his Rule 26 filings in this matter. (Doc. # 11). This fact is not disputed. Notably, Kendrick has not filed a motion or a response to this dispositive motion, arguing that he is entitled to coverage from American Family. Therefore, he is not covered in any way by American Family's policy.

To the extent that McGowan suggests that she is entitled to underinsured benefits under American Family's policy, she has not sufficiently stated a claim in this regard. Nor has she argued that position in opposition to this motion. Even if she had properly plead and sufficiently argued such a claim, she could not prevail. It is axiomatic that underinsured benefits are first-party benefits and arise out of the contract. *State Farm Mutual Automobile Insurance Company v. Riggs*, 484 S.W. 3d 724, 727 (Ky. 2016), Plaintiff has plead no contractual relationship to American Family and, therefore, is not entitled to any first-party contractual benefits under the American Family policy.

5

## IV. CONCLUSION

For the reasons stated, American Family does not have a duty to defend, indemnify, or cover Kendrick for any claims asserted in this litigation. Additionally, Plaintiff has not presented a valid claim against American Family for underinsured benefits. As such, American Family is entitled to judgment as a matter of law as to all claims asserted against it herein.

Accordingly, **IT IS HEREBY ORDERED:**

(1) American Family Insurance Company's Motion for Summary Judgment (Doc. # 119) is **GRANTED**;

(2) State Farm Mutual Automobile Insurance Company's Motion for Leave to File Supplemental Memorandum of Law in Opposition to American Family Insurance Company's Motion for Summary Judgment (Doc. # 154) is **OVERRULED** as **MOOT**; and

(3) A separate Judgment will be entered concurrently herewith.

This 12th day of September, 2023.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\Ashland Civil\2019\19-123 Order Granting 119.docx